NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000435
20-MAY-2024
07:49 AM
Dkt. 103 SO

NO. CAAP-20-0000435

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CURT LANCE NAKAMURA, Plaintiff-Appellee,
v.
CHARLENE KEIKO NAKAMURA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV191000133)

### SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Charlene Keiko Nakamura (**wife**) appeals from the Order Denying Defendant's Motion and Declaration for Post Decree Relief Filed on March 3, 2020, entered by the Family Court of the First Circuit (**family court**) on June 15, 2020.[1]

---

[1] The Honorable Jessi L.K. Hall presided.

Wife raises seven points of error on appeal. Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve wife's points of error as follows:

(1) With respect to wife's first five points of error, wife contends that she was entitled to relief: (1) from the divorce decree pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rule 60(b); and on the grounds that (2) the divorce decree was unconscionable; (3) Curt Lance Nakamura (**husband**) "engaged in misconduct by not fully disclosing his financial status prior to wife entering into said divorce decree"; (4) husband "accelerated" the divorce process while she was "mentally weak"; and (5) she was not properly informed of husband's assets.

"The standard of review for the grant or denial of a[n] HFCR Rule 60(b) motion is whether there has been an abuse of discretion." LaPeter v. LaPeter, 144 Hawaiʻi 295, 304, 439 P.3d 247, 256 (App. 2019) (citation omitted).

With regard to unconscionability,

> Unconscionability encompasses two principles: one-sidedness and unfair surprise. *Lewis* [*v. Lewis*, 69 Haw. 497, 502, 748 P.2d 1362, 1366 (1988)]. One-sidedness (i.e., substantive unconscionability) means that the agreement "leaves a post-divorce economic situation that is unjustly disproportionate." *Id.* Unfair surprise (i.e., procedural unconscionability) means that "one party did not have full and adequate knowledge of the other party's financial condition when the [marital] agreement was executed."

Balogh v. Balogh, 134 Hawaiʻi 29, 41, 332 P.3d 631, 643 (2014).

As the record reflects, husband filed a complaint for divorce in February 2019. Husband was represented by counsel; wife appeared self-represented, and filed an Appearance and Waiver on February 22, 2019. Each party filed their respective Income and Expense Statements and Asset and Debt Statements. In March 2019, the family court issued a Divorce Decree that, *inter alia*, awarded no alimony to either party, and divided the parties' assets and debts. There is no reservation of alimony in the divorce decree. Both parties approved the divorce decree as to form and content.[2]

---

[2]     The divorce decree, as signed by wife, included the following acknowledgement,

> PARTIES' STATEMENT RE: ATTORNEY REPRESENTATION/VOLUNTARY EXECUTION. The parties acknowledge and understand that [husband] has been represented in this matter by COATES FREY TANIMOTO & GIBSON, ATTORNEYS AT LAW, LLLC. [Wife] was given the time and opportunity to obtain her own attorney. [Wife] further understands and acknowledges that [Wife] has been informed throughout these proceedings that said law firm represents only [husband] and not [wife], and [wife] is aware that such is the case although she may have had voluntary contact(s) with various personnel associated with said law firm during the processing of this agreement. Instead, [wife] acknowledges that she has been advised from the beginning that she has the right to consult with and/or retain independent counsel to review this Divorce Decree and all other documents or agreements made in this case with regard to their propriety and fairness and/or to represent [wife] in this matter. **[Wife] acknowledges that her decision regarding consultation of lack of same with her own attorney and to proceed with the signing of any documents or agreements without also having an attorney review and/or sign same on her behalf has been reached knowingly, intelligently and voluntarily.** Both [husband] and [wife] recognize, acknowledge and agree that in the event that any of [wife's] contacts or interactions with the Coates Frey Tanimoto & Gibson law firm could possibly be viewed in any way to constitute a conflict of interest or representation of any sort, then both [husband] and [wife] have hereby voluntarily, knowingly and intelligently waived any such conflict(s). **Both [husband] and [wife] acknowledge that they have carefully read the Divorce Decree to be entered in this case and all the other supporting financial and other documentation pertinent to this**

(continued . . .)

This appeal arises out of wife's second Motion and Declaration for Post-Decree Relief (**Second Motion for Relief**), filed in March 2020.[3]  In the Second Motion for Relief, wife, who was represented by counsel, requested alimony and a recalculation of the parties' assets and debts.  After a hearing on May 21, 2020, the family court determined that wife had not presented any evidence or arguments justifying relief under HFCR Rule 60(b), and denied the Second Motion for Relief.

> The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion.  Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Tagupa v. Tagupa, 108 Hawaiʻi 459, 465, 121 P.3d 924, 930 (App. 2005) (cleaned up).

On this record, we conclude that wife has not shown that she presented any evidence or arguments that could not have

_____

[2](. . .continued)
**matter.  They both confirm that all said documents are current and accurate, and that they are completely aware of, and in agreement with, the contents of same**.  This document is the complete and final expression of all agreements made by the parties to this divorce.  There are no other express or implied promises, or agreements, which are not set forth herein.  **Both parties acknowledge that they have voluntarily executed the Divorce Decree and any other documents or agreements pertaining to this case with sufficient knowledge of the facts, both parties' respective finances, and the applicable law; and that this Divorce Decree is fair and reasonable,** and as such they both agree to be bound by this Decree and by their representations as contained herein.

(Emphasis added.)

[3]      Wife, represented by counsel, filed a first Motion and Declaration for Post-Decree Relief in June 2019.  Wife withdrew this first motion on June 27, 2019.

been presented prior to entry of the divorce decree that the decree was unconscionable, that husband did not disclose his financial records prior to entering the divorce decree, that husband improperly "accelerated" the divorce process while wife was "mentally weak," or that she was not properly informed of husband's assets.

The family court did not abuse its discretion in denying wife's Second Motion for Relief.

(2) Wife contends that the family court erred in refusing to set a trial on her Second Motion for Relief. "Decisions relating to the conduct of a trial or hearing and the adequacy of process usually involve the exercise of discretion, and thus warrant review under the abuse of discretion standard on appeal." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 252, 990 P.2 713, 722 (1999). In its discretion, a family court "may deny relief under Rule 60(b) without holding a hearing and may decide the issue on the basis of papers submitted." Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 149, 254 P.3d 439, 460 (2011) (citations omitted).

At the hearing on wife's Second Motion for Relief, the family court determined that wife, who was present and represented by counsel, did not present any evidence or arguments that would support the motion. The family court noted that "[i]t is clear from the record that [wife] prepared and

signed her financial statements," and that "[s]he had the opportunity to request [husband's] financial statements prior to signing the Divorce Decree or even obtaining counsel prior to signing the Divorce Decree." Moreover, "[wife] [had] the opportunity to file her initial motion [for relief from the Divorce Decree]," and, with the advice of counsel, "she chose to withdraw it." The Second Motion for Relief thus lacked merit, and the family court did not abuse its discretion in denying the motion without a trial or evidentiary hearing.

(3) Wife contends that the family court mislabeled its Findings of Fact (**FOF**) nos. 19, 20, and 21; i.e., that FOF no. 19 is actually a mixed FOF and conclusion of law (**COL**), and FOF nos. 20 and 21 are actually COLs.[4] The family court's FOF no. 23 provides that, "[t]o the extent that any Finding of Fact herein is a Conclusion of Law, it shall be so construed." The family court's COL no. 4 provides that, "[t]o the extent any Conclusion of Law herein is a Finding of Fact, it shall be so construed." "[T]he trial court's label is not determinative of the standard of review. A determination that embraces an ultimate fact is a factual finding subject to the clearly erroneous standard of review even though classified as a COL." Crosby v. State Dep't of Budget & Fin., 76 Hawaiʻi 332, 340, 876 P.2d 1300, 1308 (1994)

---

[4] The family court entered its Findings of Fact and Conclusions of Law, with regard to its Order Denying wife's Second Motion for Relief, on August 7, 2020.

(citation omitted).  We conclude that FOF no. 19 is not clearly erroneous, and, to the extent FOF nos. 20 and 21 could be construed as mislabeled COLs, they are not wrong.

For the foregoing reasons, we affirm the family court's Order Denying Defendant's Motion and Declaration for Post Decree Relief Filed on March 3, 2020, entered on June 15, 2020.

DATED: Honolulu, Hawaiʻi, May 20, 2024.

On the briefs:                          /s/ Clyde J. Wadsworth
                                        Presiding Judge
Stephen T. Hioki,
for Defendant-Appellant.                /s/ Karen T. Nakasone
                                        Associate Judge
Kai Lawrence,
for Plaintiff-Appellee.                 /s/ Kimberly T. Guidry
                                        Associate Judge